## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES PREMICK, a former Dick's Sporting Goods, Inc., employee, individually and on behalf of all other former and salaried Dick's employees, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 02: 06cv0530 |
| DICK'S SPORTING GOODS, INC., a Pennsylvania corporation,[1] | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

January 18, 2007

  Presently pending before the Court for disposition is the MOTION TO DISMISS AND TO STRIKE filed by Defendant, Dick's Sporting Goods, Inc. ("Dick's"), with brief in support (*Document Nos. 8 and 9, respectively*), the BRIEF IN OPPOSITION filed by Plaintiff, James Premick, individually and on behalf of all former and salaried Dick's employees ("Premick") (*Document No. 12*), and the REPLY BRIEF filed by Dick's (*Document No. 17*). For the reasons that follow, the Motion will be granted in its entirety.

## Background

  As the law requires, all disputed facts and inferences are resolved most favorable to Premick. The following background is drawn from the Complaint and the factual allegations therein are accepted as true for the purpose of this opinion.

---

[1]  According to Defendant, the caption of the Complaint incorrectly identifies Dick's Sporting Goods, Inc., as a Pennsylvania corporation, when in fact it is a Delaware corporation.

Premick was employed at Dick's as a salaried associate classified as a Golf Professional from May 1999 until his termination in December 2005.  During the period of Premick's employment, Dick's utilized an "Associate Handbook" to detail and communicate its employment practices and guidelines.  (*See Complaint, Exhibit A.*)

According to Premick, "Dick's wrongfully used an amount equal to its salaried associates' holiday bonuses to reduce the base weekly wages of its salaried associates, including salaried Golf Professionals.  Such bonus reductions from wages are illegal under the [Fair Labors Standard Act]."  Complaint, at ¶ 6.

Additionally, Premick alleges that "prior to March 6, 2005, Dick's wrongfully classified Golf Professionals as exempt employees, and erroneously classified them as management (when they were not), and failed to pay them required overtime."  Complaint, at ¶ 8.  Apparently, after March 6, 2005, Golf Professionals were reclassified as non-exempt and "on rare occasions" received overtime when they worked and reported greater than 40 hours per week.  *Id.* at ¶ 10.

On April 20, 2006, Premick filed a four-count Complaint against Dick's for its alleged unlawful failure to pay regular base weekly and overtime wages, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA")(Counts I and II) and the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1059(a)(1) and 1132(a)(3) (Counts III and IV).

Dick's has filed the instant motion in which it seeks to dismiss Counts I, III, and IV of the Complaint, and to strike all portions of the Complaint which relate to Rule 23 class allegations.

## STANDARD OF REVIEW

In this case, the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the Complaint filed by Premick.  Accordingly, the Court must determine whether Premick would be entitled to relief under any set of facts that could be established in support of his claims.  *See Piecknick v. Pennsylvania,* 36 F.3d 1250, 1255 (3d Cir. 1994).  All allegations in the Complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to Premick. *Pennsylvania Nurses Ass'n v. Pennsylvania State Educ. Ass'n,* 90 F.3d 797, 799-800 (3d Cir. 1996), *cert. denied,* 519 U.S. 1110 (1997).

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment." *Anjelino v. New York Times Co.,* 200 F.3d 73, 88 (3d Cir. 1999).  However, in resolving a 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records, decisions of government agencies and administrative bodies, and documents referenced in the complaint or which are essential to a plaintiff's claim and are attached to either the Complaint or the defendant's motion.  *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993).

Attached to Premick's Complaint is a copy of Dick's Associate Handbook and copies of two of Premick's pay stubs from Dick's.  Because these documents are referenced in the Complaint and are essential to Premick's claims, the Court has considered these documents without the necessity of converting the motion to dismiss into a motion for summary judgment. *Pension Benefit Guar. Corp.,* 998 F.2d at 1196-97.

**DISCUSSION**

A.      Count I - Holiday Leave Claim

The FLSA requires certain employers to pay overtime wages to employees who work more than 40 hours in any given work week, absent application of one of several exemptions. *29 U.S.C. § 207(a).* The FLSA contains numerous categories of employees who are exempt from the requirement of overtime pay, including "any employee employed in a bona fide executive, administrative, or professional capacity." *29 U.S.C. § 213(a)(1).* The regulatory definitions of these exemptions include both a "primary duty test" and a "salary basis" test.

The parties agree that Premick's holiday leave claim involves only the "salary basis" test. 29 C.F.R. § 541.602 is the current FLSA regulation which details the salary-basis test and reads in pertinent part, as follows:

> (a) General Rule. An employee will be considered to be paid on a "salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.

*29 C.F.R. § 541.602 (2006).* Until March 2005, the Golf Professionals employed by Dick's were considered "exempt" employees.

Premick contends that although Dick's, by virtue of its holiday leave policy as stated in its Associate Handbook, contractually offered to "pay its employees for holiday work," Dick's "did not pay its employees any monetary pay for holiday work, but only comp. time." *Pl's Br. at 16-17.* Plaintiff further contends that Dick's holiday leave policy violates the FLSA because it (i) constitutes an improper salary reduction for exempt employees; and (ii)

4

improperly provides exempt employees with compensatory time off ("comp. time").  The Court
finds that each of  Premick's arguments fail.

Dick's Associate Handbook explains the holiday leave policy for its employees as
follows:

> "**Holidays**
>
> **If you are a full-time hourly associate,** you are eligible to receive holiday pay for
> any holiday that occurs once you have been continuously employed as a full-time
> associate for a minimum of 30 calendar days.
>
> In order to receive holiday pay, you must work your last scheduled workday before
> the holiday and your first scheduled work day after the holiday, unless management
> has pre-approved a vacation/personal leave day.
>
> **If you are a part-time or temporary associate,** you are not eligible for holiday pay.
>
> **If you are a salaried associate**, you are eligible to receive holiday pay for any
> holiday that occurs on/after the date you became a salaried associate.
>
> Associates who are eligible for holiday pay and are required to work on a holiday
> will receive another day off with pay within two pay periods after the pay period in
> which the holiday occurred.  If an associate leaves Dick's Sporting Goods prior to
> being able to take a day off for a holiday which he/she worked, he/she will be paid
> for that holiday.
>
> Eligible associates who work in store locations will receive holiday pay for the
> following holidays:
>
> | New Year's Day | Labor Day |
> | --- | --- |
> | Memorial Day | Thanksgiving Day |
> | Fourth of July | Christmas Day |
>
> **If you are a Corporate Office Associate**, the holiday calendar may differ for you.
> See your Manager for details.
>
> **If you are a full-time hourly associate,** the amount of pay that you receive for a
> holiday is based on the prior year's average hours worked per week:

30.0 hours per week = 6.0 hours of holiday pay
32.5 hours per week = 6.5 hours of holiday pay
35.0 hours per week = 7.0 hours of holiday pay
37.5 hours per week = 7.5 hours of holiday pay
40.0 hours per week = 8.0 hours of holiday pay

**Salaried associates** will be paid 8 hours for holidays."

*Associate Handbook, November 2003, Page 23* (bold in original).

     1.     *The Language of the Associate Handbook Does Not Constitute a Contractual Offer to Pay a Separate "Holiday Bonus"*

Premick contends that Dick's, through its holiday leave policy, contractually offered to pay its employees a separate "holiday bonus" in addition to the predetermined weekly salary.

Pennsylvania courts have consistently held that an employee handbook, manual, or other communication "only forms the basis of an implied contract if the employee shows that the employer affirmatively intended that it do so." *Jacques v. Akzo International Salt Inc.*, 619 A.2d 748, 753 (Pa. Super. 1993).   Here, the disclaimer in Dick's Associate Handbook clearly states that the handbook does not create a legally binding obligation:  "**This Handbook is not an employment contract and does not create any contractual commitment upon the Company . . .   The Company's policies and practices . . . do not create an express or implied contract or covenant of any type between the Company and its associates . . . .**" *Handbook, at Page 5* (bold and underline in original).

Further, the Court notes that the disclaimer is located in a prominent location in the Associate Handbook as it can be found on Page 5 and is printed in bold type and underlined.

Moreover, the holiday leave policy clearly states that an employee will be paid for a holiday worked only "[i]f an associate leaves Dick's Sporting Goods prior to being able to take

a day off for a holiday which he/she worked . . . ."  The actual language of the holiday leave policy demonstrates that the general rule for a salaried associate who worked on a holiday is to take another day off, with pay.  The only time money is paid to a salaried associate for a worked holiday is when that salaried associate leaves the employment of Dick's before taking his or her alternate day off with pay.

For these reasons, the Court finds and rules that Dick's did not contractually offer, nor was it contractually bound, to pay its employees a separate "holiday bonus" in addition to the employee's predetermined weekly salary.   Rather, the "offer," if any, which Dick's made, and which undeniably was fulfilled, was a future day off with pay.

       2.      *Dick's Did Not Improperly Reduce the Weekly Salary of its Exempt Employees During the Pay Periods In Which A Holiday Occurred*

FLSA regulation Section 602 requires that an overtime-exempt employee "regularly receives each pay period . . ., a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of the variations in the quality or quantity of the work performed. . . ."  *29 C.F.R.§ 541.602.*

Premick argues that his "basic weekly wages" were reduced in the weeks in which a holiday occurred because "Dick's reduced the weekly salaries of salaried associates, and mathematically, added idle holiday pay (in the workweek with the holiday) to insure he was not paid an amount equal to his 'basic weekly wages' plus an alleged holiday 'bonus.' "  In this case, Premick's predetermined amount of pay was $1,243.00 biweekly, which is reflected on Premick's September 12, 2003 pay stub. *See Complaint, Exhibit C.*  As Exhibit C reflects,

Premick was paid his "predetermined amount" of $1,243.00 and his "Hours and Earnings" was reflected on his pay stub as 72.00 hours of "Regular" and 8.00 hours of "Holiday," all of which was paid at the hourly rate of $15.537981.   It is undisputed that Premick's monetary compensation for worked holidays was the exact same amount as for unworked holidays and also the exact same amount as for pay periods in which there was no holiday.  On each occasion, Premick was paid the "predetermined amount" he was regularly entitled to receive - $1,243.00 biweekly at the hourly rate of $15.537981.

Additionally, the Court finds that Dick's internal pay stub accounting designation of 72.00 hours of "Regular" and 8.00 hours of "Holiday" is legally irrelevant to this analysis.  *See Caperci v. Rite Aid Corporation,* 43 F. Supp. 2d 83, 96 (D. Mass. 1999) (noting that accounting entries on a pay stub "are for internal purposes only and have no effect whatsoever on the actual gross or net amount of compensation.")

For these reasons, the Court finds and rules that Premick's argument is without merit as Dick's did not improperly reduce the predetermined weekly salary of its exempt employees during the pay periods in which a holiday occurred.


3.      *Dick's Properly Gave Its Exempt Employees Paid Time Off*

Under 29 U.S.C. § 207(o), public agency employers may provide non-exempt employees with compensatory time off "in lieu of overtime compensation."  However, compensatory time off, like the calculation of overtime pay, applies only to non-exempt employees.  Exempt employees are not due extra time, compensatory time off, or overtime for working extra hours or working on a holiday.

Premick argues that "Dick's only paid comp. time, which private employees (sic) are not even authorized to use to satisfy their FLSA weekly salary obligations."  Pl's Br. at 16. Premick's argument fails for two reasons.  First, as Dick's correctly notes, any discussion of compensatory time off is not relevant as Premick was an exempt employee, and he is seeking to bring this lawsuit only on behalf of all other former and current exempt employees of Dick's, none of whom are entitled to extra time off, compensatory time off, or overtime.

Next, while Premick colloquially refers to "comp. time," the actual language of the holiday leave policy refers to "another day off with pay."   Paid time off clearly does not violate the salary-basis test for exempt employees:

> Such additional compensation may be paid on any basis (e.g., flat sum, bonus payment, straight-time hourly amount, time and one-half or any other basis), and <u>may include paid time off.</u>

*29 C.F.R. § 541.602(a)* (emphasis added).

For these reasons, the Court finds and rules that Dick's properly gave its employees paid time off in accordance with its holiday leave policy and that such practice did not violate the FLSA.

Thus, for all the foregoing reasons, the Motion to Dismiss Count  I of the Complaint will be granted.

B.      <u>Counts III and IV - Claims Brought Under ERISA</u>

Premick incorporates the allegations of Count I of his Complaint ("holiday leave bonus") into Counts III and IV.  However, because the allegations of Count I are material and

incorporated into Counts III and IV, the dismissal of Count I results in the dismissal of Counts III and IV as well.   Assuming *arguendo* that Count I was not dismissed, the Court finds and rules that Counts III and IV still must be dismissed in their own right because each fails to state a claim under ERISA.

In Count III, Premick alleges that Dick's failed to maintain required hourly time records as required by 29 U.S.C. § 1059(a)(1) and 29 U.S.C. § 1132(a)(3).  Title 29, United States Code, § 1059(a)(1) provides that "every employer shall, in accordance with regulations prescribed by the Secretary, maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees. . . ."

 Significant for the purpose of this lawsuit, § 1059(b) states that "[i]f any person who is required, under subsection (a) of this section, to furnish information or maintain records for any plan year fails to comply with such requirement, he shall pay to the Secretary a civil penalty of $10 for each employee with respect to whom such failure occurs, unless it is shown that such failure is due to reasonable cause." Undeniably, § 1059 obligates an employer to maintain certain time records; however, it is also undeniable that § 1059 does not provide a private right or cause of action for affected employees.  Rather, Congress has provided for a civil penalty payable, upon the finding of a violation, to the Department of Labor.  Therefore, § 1059 does not provide Premick with a private cause of action.

Likewise, 29 U.S.C. § 1132(a)(3) does not provide Premick with any private right of relief either.   Section 1132(a)(3) is the ERISA "catch all" equitable relief provision which provides as follows:

A civil action may be brought -

by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

29 U.S.C. § 1132(a)(3).

The United States Court of Appeals for the Third Circuit has instructed that § 1132(a)(3) is to be applied cautiously, especially in cases where an individual plan participant has the ability to seek redress from a functioning ERISA plan. *Ream v. Frey*, 107 F.3d 147, 152 (3d Cir. 1997). Upon close examination of the Complaint, it is clear that in Count III Premick is asserting a claim for benefits he claims to be owed because his 401(k) account was allegedly shorted as a result of Dick's failure to pay him certain amounts of overtime to which he contends entitlement. In that vein, a claim for benefits from a functioning plan can only be brought under 29 U.S.C. § 1132(a)(1)(B) and is not a claim for equitable relief, but rather one for damages.[2] *Ream,* 107 F.3d at 153.

Further, our appellate court requires the exhaustion of Plan remedies in some, but not all, ERISA cases. *D'Amico v. CBS,* 297 F.3d 287, 290-91 (3d Cir. 2002). In general, plaintiffs bring claims either to enforce the terms of a benefits plan under 29 U.S.C. § 1132(a)(1)(B) or to enforce rights established by ERISA under 29 U.S.C. § 1132(a)(3). *Id.* Claims brought under section 1132(a)(3) to enforce statutory rights are not automatically excused from exhaustion,

---

[2]    29 U.S.C. § 1132(a)(1)(B) provides as follows:
A civil action may be brought (1) by a participant or beneficiary -
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under plan, or to clarify his rights to future benefits under the terms of the plan.

however.  Our appellate court requires exhaustion where the statutory claim "merely recasts [a] benefits claim in statutory terms." *Harrow v. Prudential Ins. Co.*, 279 F.3d 244, 252 (3d Cir. 2002).   A careful review of Count III of the Complaint confirms that Premick's statutory claim "merely recasts" a benefit claim.  Therefore, the Court finds and rules that Premick has failed to plead and prove that he has exhausted his plan-based remedies and thus, Count III of the Complaint will be dismissed.

In Count IV, Premick alleges that "Dick's breached its fiduciary duties by failing to credit its salaried associates for wages due for the actual overtime worked" and, pursuant to 29 U.S.C. § 1132(a), Premick seeks "an injunction requiring Dick's to credit all members of the ERISA class with their base weekly wages (without the holiday-related reductions) and overtime under the [401k] plan."  Complaint, at ¶¶ 119, 120.

Our court of appeals has  recognized the possibility of waiving exhaustion in cases where statutory rights stem from the fiduciary duties set forth in section 404 of ERISA, 29 U.S.C. § 1104(a).  *See Harrow,* 279 F.3d at 253-54.   However, exhaustion is still required  in cases where the alleged statutory violation - a breach of fiduciary duty under section 404 - is actually a claim based on a denial of benefits under the terms of a plan.  *D'Amico,* 297 F.3d at 291.

The Court finds and rules that the claims asserted in Count IV of the Complaint are in essence, much like the claims of Count III, essentially claims for benefits under the terms of the plan.  Accordingly, Premick must first exhaust his plan-based remedies.  Since he has failed to plead that he did so, Count IV of the Complaint will also be dismissed.

C.       <u>Motion to Strike Rule 23 Allegations</u>

Plaintiff concedes that collective FLSA claims may not proceed under Rule 23.  *See*
*DeAsencio v. Tyson Foods, Inc.*, 342 F.3d 301, 306 (3d Cir. 2003).  Because Counts I, III, and
IV will be dismissed, the sole remaining claim of the Complaint is a FLSA claim  (Count II).
Accordingly, there is no basis to support any of the Rule 23 allegations of the Complaint and
these allegations, therefore, must be dismissed.


### Conclusion

For all the foregoing reasons, the Motion to Dismiss Counts I, III, and IV will be
granted in its entirety.  An appropriate Order follows.


McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES PREMICK, a former Dick's Sporting Goods, Inc., employee, individually and on behalf of all other former and salaried Dick's employees, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 02: 06cv0530 |
| DICK'S SPORTING GOODS, INC., a Pennsylvania corporation, | ) ) ) | |

**ORDER OF COURT**

AND NOW, this 18th day of January, 2007, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the Motion to Dismiss and to Strike filed by Defendant (*Document No. 8*) is **GRANTED**.

Count I of the Complaint, which asserts claims of violations of the Fair Labor Standards Act related to Defendant's holiday leave policy, and Counts III and IV are **DISMISSED**, with prejudice, for failure to state a claim upon which relief can be granted. Further, all allegations of the Complaint related to class action treatment under Federal Rule of Civil Procedure 23 are **DISMISSED AND STRICKEN**.

It is further **ORDERED** that Defendant shall file an Answer to Count II of the Complaint on or before **February 1, 2007.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:        Michael P. Malakoff, Esquire
           Malakoff, Doyle & Finberg
           Email: malakoff@mdfpc.com

           Gregory A. Miller, Esquire
           Buchanan Ingersoll
           Email: gregory.miller@bipc.com

           James F. Glunt, Esquire
           Buchanan Ingersoll & Rooney
           Email: jay.glunt@bipc.com

           Mark R. Hornak, Esquire
           Buchanan Ingersoll Rooney
           Email: mark.hornak@bipc.com